## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KIMBERLY R. WIMBUSH**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. RWT-16-3200 |
| | * | |
| **UNITED PARCEL** | * | |
| **SERVICE, INC. (OH)** *et al.* | * | |
| | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

## BACKGROUND

On June 7, 2011, Plaintiff filed a lawsuit in the Circuit Court for Prince George's County, Maryland, in which she claimed personal injury from a motor vehicle accident involving Richard Hutchinson, an employee of United Parcel Service.  ECF No. 1-2.  On November 21, 2012, the court entered a judgment against Plaintiff after a jury returned a verdict in favor of the Defendants.  ECF 1-2 at 7.  Plaintiff appealed the judgment of the Circuit Court, and on November 24, 2014, the Maryland Court of Special Appeals affirmed the judgment.  ECF No. 1 at 9.  Both the Maryland Court of Appeals and the United States Supreme Court denied her petitions for writs of certiorari.  *Id.*  On September 20, 2016, Plaintiff filed the instant *pro se* Complaint [ECF No. 1], alleging that the Circuit Court improperly admitted certain confidential Social Security records which defense counsel used to show that some of her alleged injuries were, in fact, preexisting conditions.  ECF No. 1 at 2-3.  She also claims that her attorney did not effectively represent her and that the trial judge denied her alleged right to proceed *pro se*.  *Id.* at 7-8.  Plaintiff requests that this Court overturn her jury verdict and grant her a new trial on the merits.  For the reasons discussed below, Plaintiff's Complaint will be dismissed.

**DISCUSSION**

It is well established that federal courts are "courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). There is "no presumption that the court has jurisdiction," and the facts showing the existence of subject-matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), *cert. denied*, 528 U.S. 1155 (2000) (citing *McNutt v. Gen. Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994)).

While not stated explicitly, Plaintiff presumably invokes federal question jurisdiction under 28 U.S.C. § 1331, which grants district courts "original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States." Her main arguments appear to be that (1) the jury verdict in Maryland Circuit Court resulted from evidence admitted in violation of Federal Rule of Civil Procedure 5.2, relating to privacy protections for filings made with the court, and (2) she was denied her right to self-representation under 28 U.S.C. § 1654, which allows parties to "plead and conduct their own cases personally" in "all

courts of the United States." ECF No. 1.[1]  The relief she seeks, however, is a new trial for her

state law-based personal injury suit. *Id.* at 13.

### I.    Plaintiff's Complaint is Barred by the *Rooker-Feldman* Doctrine.

Plaintiff is essentially seeking appellate review of a final judgment issued by the Circuit

Court for Prince George's County and later affirmed by the Maryland Court of Special Appeals.

This type of claim is barred under the *Rooker-Feldman*[2] doctrine. "Under the *Rooker-Feldman*

doctrine, a 'party losing in state court is barred from seeking what in substance would be

appellate review of the state judgment in a United States district court.'" *Am. Reliable Ins. v.

Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003) (quoting *Johnson v. De Grandy*, 512 U.S. 997,

1005-06 (1994)).  The Supreme Court has clarified that this doctrine applies to "cases brought by

state-court losers complaining of injuries caused by state-court judgments rendered before the

district court proceedings commenced and inviting district court review and rejection of those

judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  If, "in

order to grant the federal plaintiff the relief sought, the federal court must determine that the

[state] court judgment was erroneously entered or must take action that would render the

judgment ineffectual, *Rooker-Feldman* is implicated."  *Smalley v. Shapiro & Burson, LLP*,

526 Fed. App'x 231, 236 (4th Cir. 2013) (internal citations and quotation marks omitted).  Even

if the precise claim was not brought before the state court, if "success on the federal claim

---

[1] While it is highly unlikely that Plaintiff has stated claim for relief upon either of these federal statutes as neither applies in state court, *see* Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions in the United States district courts"); 28 U.S.C. § 451 ("As used in this title, [t]he term 'court of the United States' includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior."), the Court declines to dismiss the Complaint *sua sponte* on the grounds of frivolousness. The "test for dismissal" *sua sponte* for lack of a substantial federal question is "a rigorous one," and a claim should only be dismissed on these grounds if "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy.'"  *Crosby by Crosby v. Holsinger*, 816 F.2d 162, 163 (4th Cir. 1987).

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

depends upon a determination that the state court wrongly decided the issues before it," the claim is barred in federal district court. *Brown & Root v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). Because the *Rooker-Feldman* doctrine is jurisdictional, this Court is free to raise it *sua sponte*. *Am. Reliable Ins.*, 336 F.3d at 316; *see also Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n.5 (4th Cir. 1997), *cert. denied*, 522 U.S. 1077 (1998) (noting that the "district court appropriately *sua sponte* raised the *Rooker-Feldman* issue").

Plaintiff's Complaint falls squarely within the confines of the *Rooker-Feldman* doctrine—she lost in Maryland state court and is now asking this Court to reject the prior judgment against her. She had adequate opportunity to raise the issues of the admissibility of her Social Security records and her alleged right to self-representation on appeal in the Maryland Court of Special Appeals. *See Brown & Root*, 211 F.3d at 201 (the "relevant inquiry is whether a party had a reasonable opportunity to raise his federal claim in state proceedings"). Regardless of whether Plaintiff's assertion that "pro se litigants have less than ten percent chance to [win] an appeal in the state of Maryland," ECF No. 1 at 13, is true, it is not sufficient to confer jurisdiction upon this Court. The Complaint must therefore be dismissed.

## II.    Plaintiff's Complaint is Barred by Res Judicata.

Apart from the *Rooker-Feldman* jurisdictional bar, Plaintiff's Complaint is barred by res judicata because the judgment she seeks to revisit is a final judgment that was fully litigated in state court. The Full Faith and Credit Act, 28 U.S.C. § 1738, "requires the federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." *Saudi Basic Indus. Corp.*, 544 U.S. at 293 (internal citations and quotation marks omitted). In Maryland, the "doctrine of res judicata is that a judgment between the same parties and their privies is a final bar to any other suit upon the same cause of action, and is conclusive, not only

4

as to all matters that have been decided in the original suit, but as to all matters which with propriety could have been litigated in the first suit." *MPC, Inc. v. Kenny*, 367 A.2d 486, 488-89 (Md. 1977). Here, Plaintiff seeks to bring another suit upon the same cause of action as the one she previously brought in Maryland state court against the same defendants. Because Maryland courts would give preclusive effect to the prior judgment, this Court must do so as well.

Res judicata is generally an affirmative defense, but it "may, in 'special circumstances,' be raised *sua sponte*." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). These "special circumstances" arise when, for example, a "court is on notice that it has previously decided the issue presented." *Arizona*, 530 U.S. at 412. While this Court did not previously decide the issues presented, it is on notice that the Circuit Court for Prince George's County, Maryland and the Maryland Court of Special Appeals have decided these issues. Therefore, *sua sponte* dismissal is "fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id.* Because Plaintiff's case against Defendants was already fully litigated, and her asserted grounds for recovery were available to her in prior proceedings, her suit is barred in this Court and her Complaint must be dismissed.

Accordingly, it is this 7th day of October, 2016, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Complaint [ECF No. 1] is hereby **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED**, that the Clerk **SHALL PROVIDE** a copy of this Order to Plaintiff; and it is further

**ORDERED**, that the Clerk **SHALL CLOSE** this case.

/s/
_____
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE